UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-61110

**DEVDATTA BHOGTE**,

    Plaintiff,

v.

**PHOENIX MANAGEMENT SERVICES, INC.**,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Devdatta Bhogte ("Plaintiff") sues Defendant Phoenix Management Services, Inc., ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, with respect to Plaintiff's claims arising under the FDCPA, and supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

2. Venue in this District is proper because the transaction and/or debt at issue arose here, the property the subject of the underlying debt is within this District, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Florida limited liability company, with its principal place of business located in Lauderdale Lakes, Florida.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. This action involves the debt arising from a transaction between Majestic Gardens Condominium Association, the original creditor, and Plaintiff involving the provision of maintenance and upkeep services for Plaintiff's residence, the likes of which were primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

9. The Consumer Debt represents an unlawful $50 charge that Defendant imposed on Plaintiff in violation of Fla. Stat. § 718.303(3)(b), as Defendant failed to provide at least 14-days' written notice to Plaintiff before imposing said $50 charge.

10. Plaintiff is the alleged debtor of the Consumer Debt.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

15. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

16. Defendant is a debt collector governed by the FDCPA.

17. Defendant is not registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

18. Defendant has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

19. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

20. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

21. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

23. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. On a date better known by Defendant, Defendant sent Plaintiff a letter, internally dated March 22, 2021, in connection with the collection of the Consumer Debt.

25. The Collection Letter is an attempt to collect the Consumer Debt from Plaintiff.

26. Per the Collection Letter, Defendant had already imposed the $50.00 fine onto Plaintiff, whereby said fine was imposed without the appropriate notice and hearing requirement commanded by Fla. Stat. § 718.303(3)(b).

27. Defendant failed to provide Plaintiff with 15-days written notice and failed to provide Plaintiff an opportunity to be heard by an appropriate committee as required by Fla. Stat. 718.303(3)(b).

28. Defendant knew that it could not lawfully assess or impose *any* fine onto Plaintiff until and unless Defendant fully complied with the written notice and hearing requirement commanded by Fla. Stat. 718.303(3)(b).

29. Defendant's failure to adhere to the written notice requirement(s), as well as the opportunity for hearing requirement(s), commanded by Fla. Stat. § 718.303(3)(b), before imposing the *disputed* $50.00 onto Plaintiff constitutes the assertion of a legal right, *i.e.*, the right to impose a fine onto Plaintiff that Defendant could not lawfully assert, as Defendant cannot lawfully impose *any* such fine onto Plaintiff until and unless Defendant complied with all the requirements of Fla. Stat. § 718.303(3)(b).

30. Defendant is required to disclose in the Collection Letter that it (Defendant) is a debt collector, that the Collection Letter is an attempt to collect a debt, and that any information obtained can be used for debt collection purposes.

31. Defendant did not disclose in the Collection Letter that it (Defendant) is a debt collector.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. Defendant did not disclose in the Collection Letter that the Collection Letter is/was an attempt to collect a debt.

33. Defendant did not disclose in the Collection Letter that any information obtained from Plaintiff can and/or would be used for debt collection purposes.

34. Defendant was required to disclose in the Collection Letter, or *via* a sperate written within five (5) days thereof, the information required by 15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA.

35. Defendant did not provide Plaintiff with the information and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5) within the Collection Letter, or *via* a separate writing within five (5) days thereof.

*COUNT 1.*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

36. Plaintiff incorporates by reference paragraphs 8-35 of this Complaint as though fully stated herein.

37. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

38. Here, Defendant falsely represented to the least sophisticated consumer the character and legal status of the Consumer Debt. Defendant failed to provide Plaintiff with 15-days written notice and failed to provide Plaintiff an opportunity to be heard by an appropriate committee as required by Fla. Stat. 718.303(3)(b). Despite such failings, by and through the Collection Letter, Defendant represented to the least sophisticated consumer that the *disputed* $50

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fine was otherwise lawfully imposed and, in so doing, further falsely stated to the least sophisticated consumer that "[t]his is the only notification that you will receive prior to the matter being turned over to the Association's legal counsel at which time legal action will immediately commence without any prior notice directly to you from the attorney." *See* Collection Letter. Such representations cause the least sophisticated consumer to believe that Defendant had lawfully imposed the disputed $50 fine and that Defendant could otherwise lawfully take action threated in the Collection Letter. Defendant had no such lawful authority, nor could Defendant take such action lawfully. As such, Defendant violation § 1692e(2)(A) of the FDCPA by falsely representing the character and legal status of the Consumer Debt.

39. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Actual damages as provided by 15 U.S.C. §1692k;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

### *COUNT 2.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**

40. Plaintiff incorporates by reference paragraphs 8-35 of this Complaint as though fully stated herein.

41. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9) (emphasis added).

42. As stated above, Defendant imposed a disputed $50 fine onto Plaintiff without complying with Fla. Stat. 718.303(3)(b). Defendant's imposition of said disputed $50 fine constitutes the assertion of a legal right, *i.e.*, the right to impose such fine, which Defendant did not have the authority to assert because Defendant completely failed to comply with the notice and hearing requirement explicitly required by Fla. Stat. 718.303(3)(b). As such, by imposing said disputed $50 fine onto Plaintiff without first complying with Fla. Stat. 718.303(3)(b), Defendant violated Fla. Stat. 559.72(9) by asserting a legal right which Defendant knew it did not possess or otherwise exist.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided under Fla. Stat. §559.77(2);

    (b)    Statutory damages as provided under Fla. Stat. §559.77(2);

    (c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (d)    Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (e)    Any other relief that this Court deems appropriate under the circumstances.

### *COUNT 3.*
### **VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

44. Plaintiff incorporates by reference paragraphs 8-35 of this Complaint as though fully stated herein.

45. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The

sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

46. Here, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

47. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

48. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Actual damages as provided by 15 U.S.C. §1692k;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 4.
### VIOLATION OF 15 U.S.C. § 1692e(11)

49. Plaintiff incorporates by reference paragraphs 8-35 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*" 15 U.S.C. § 1692e(11) (emphasis added).

51. Here, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter, however, did Defendant disclose to Plaintiff that [1] Defendant is a debt collector; [2] Defendant is attempting to collect a debt; and [3] that any information obtained will be used for debt collection purposes. As such, by failing to disclose such information to Plaintiff in the Collection Letter, Defendant, by and through the Collection Letter, violated § 169e(11) of the FDCPA.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided by 15 U.S.C. §1692k;

    (b)    Statutory damages as provided by 15 U.S.C. §1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

PAGE | **9** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT 5.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)**

53. Plaintiff incorporates by reference paragraphs 8-35 of this Complaint as though fully stated herein.

54. Here, the Collection Letter was a communication Plaintiff received from Defendant in connection with the collection of a Consumer Debt. The Collection Letter, however, did not contain the information explicitly required by §1692g(a)(3)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of having received the Collection Letter.

55. As set forth above, Plaintiff, in fact, disputes the validity of the Consumer Debt, but Defendant failed to notify Plaintiff of Plaintiff's right and/or ability to dispute the Consumer Debt under the FDCPA. Plaintiff would have disputed, and otherwise requested validation of, the Consumer Debt in accordance with the rights afforded to Plaintiff under the FDCPA had Defendant provided Plaintiff with the disclosures and/or information required by § 1692g(a)(3)-(5). Because Defendant failed to provide such disclosures and/or information to Plaintiff, Plaintiff was unable to invoke Plaintiff's right to dispute and request validation of Consumer Debt.

56. Defendant violated § 1692g(a) of the FDCPA by failing to notify Plaintiff of the information and/or rights § 1692g(a)(3)-(5) requires Defendant to adequately disclose to Plaintiff, if not during Defendant's initial communication with Plaintiff, then within five days thereof.

57. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Actual damages as provided by 15 U.S.C. §1692k;

    (b)    Statutory damages as provided by 15 U.S.C. §1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: May 26, 2021

                                          Respectfully Submitted,

                                          /s/ Jibrael S. Hindi
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:    jibrael@jibraellaw.com
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:    tom@jibraellaw.com
                                        THE LAW OFFICES OF JIBRAEL S. HINDI
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:    954-907-1136

PAGE | **11** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com